**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF UTAH**

**CENTRAL DIVISION**

| | | |
|---|---|---|
| ZELDON THOMAS MORRIS, | ) ) | **MEMORANDUM DECISION** |
| Petitioner, | ) ) | **AND ORDER** |
| | ) | |
| v. | ) | |
| | ) | Case No. 2:11-cv-395 |
| UNITED STATES OF AMERICA, | ) | *Related to Case No.* 2:09-cr-208 |
| | ) | |
| Respondent. | ) | Judge Clark Waddoups |
| | ) ) ) ) | |

On April 26, 2011, federal inmate Zeldon Morris ("Morris") filed a *pro se* motion to Vacate, Set Aside, or Correct Sentence, pursuant to 28 U.S.C. § 2255. Morris has failed to adequately establish entitlement to relief on any of his asserted claims. Accordingly, his motion is denied.

**BACKGROUND**

Morris was indicted April 8, 2009, under 18 U.S.C. § 1344, for a complex bank fraud scheme. The following day Morris entered a plea of "not guilty." At a change of plea hearing on December 16, 2009, however, Morris entered a guilty plea as part of a cooperation agreement with the prosecution. In exchange for his plea and full cooperation, the agreement outlined that the government would recommend a three level reduction for the offense under the U.S. Sentencing Guidelines, and recommend to the court that Morris' sentence be at the low end of

the resultant range.  Statement by Defendant in Advance of Plea of Guilty ("Plea"), at 8–9 (Dkt. No. 33 in Case No. 2:09-cr-208 (D. Utah Apr. 28, 2010)).

At the time Morris entered into the cooperation agreement, the government was recommending a final offense level of 24, though this was not mentioned in the plea agreement itself.  Shortly before the sentencing hearing, however, the prosecution enhanced the offense level to 26 because of the sophistication of Morris' fraudulent venture.  This increased the guideline range from 51–63 months to a new guideline range of 63–78 months.

On April 27, 2010, the court sentenced Morris to 63 months in federal prison, and ordered him to make over $1.8 million in restitution to the various financial institutions that fell victim to the fraud.  Morris now seeks relief under 28 U.S.C. § 2255 for prosecutorial misconduct, ineffective assistance of counsel, and error under Rule 11 of the Federal Rules of Criminal Procedure.

## ANALYSIS

### I.  STANDARD OF REVIEW

Morris is a *pro se* litigant, and the court must liberally construe his pleadings.  *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  Nevertheless, as petitioner, Morris retains the burden of "alleging sufficient facts on which a recognized legal claim could be based."  *Id.*  The court need not accept as true a *pro se* plaintiff's "conclusory allegations."  *Id.*

### II.  PROSECUTORIAL MISCONDUCT

Morris claims that prosecutors fraudulently induced him to plead guilty by suggesting he would face a sentence of 51 months, and then later surprised him by enhancing the offense level. Certain statutory enhancements do require written notice to the defendant prior to entry into the

plea agreement.[1]  However, the "sophisticated means" enhancement, which is laid out in United

States Sentencing Guidelines § 2B1.1(b)(9), includes no such restriction.  Morris has not pointed

to any law requiring the sentencing guideline enhancement to be disclosed in advance of the

plea.

    In this case, Morris claims to have received the amended presentence report "on or about

April 1, 2010," leaving him with 27 days before the sentencing hearing to voice any objections.

Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal

Custody ("2255 Motion"), Exhibit A at 4 (Dkt. No. 1).  During this time, he filed a motion for

downward departure based on several factors, including his standing in the community and his

family life, and made specific objections to the calculation of his net worth in the presentence

report.  At no time, however, did Morris or his attorney contest the "sophisticated means"

enhancement, or suggest that the prosecution had acted improperly.[2]  The court concludes that

Morris has failed to prove prosecutorial misconduct.

## III.    INEFFECTIVE ASSISTANCE OF COUNSEL

    In *Strickland v. Washington*, the Supreme Court held that defendants alleging ineffective

assistance of counsel must show that (1) attorney error was so serious that the right to counsel

promised the defendant by the Sixth Amendment was effectively denied and (2) "there is a

reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding

would have been different."  466 U.S. 668, 694 (1984).  There is "a strong presumption that

counsel's conduct falls within the wide range of reasonable professional assistance."  *Id.* at 689.

---

[1] For an example, see 21 U.S.C. § 851(a)(1), which governs increased punishment for
defendants in drug-related charges who have prior convictions.

[2] Additionally, this entire line of argument may now be barred by Morris' waiver of his
rights to challenge his sentence, including under a motion for § 2255 relief.  *See* Plea at 5.

*See also Cullen v. Pinholster*, 131 S. Ct. 1388, 1407 (2011) ("*Strickland* specifically commands that a court must indulge the strong presumption that counsel made all significant decisions in the exercise of reasonable professional judgment.") (Internal quotations, citations, and alterations omitted). Thus, Morris carries the burden to establish any misstep by his attorney was both egregious and prejudicial.[3]

In the motion before the court, Morris argues that his attorney offered inadequate counsel by failing to advise him that he could withdraw his plea. Morris also states that his counsel wrongfully declined to challenge the amended pre-sentence report or request additional time to evaluate it. Morris believes counsel should have better anticipated the prosecution's eleventh hour enhancement and warned him against initially entering into the plea. Additionally, Morris' attorney did not call witnesses to the sentencing hearing, even though the government did, and allegedly lied to Morris in telling him that there were no grounds on which to appeal the sentencing decision. As will be illustrated in turn, none of these decisions by Morris' attorney rise to the level of ineffective assistance of counsel.

**A. Failure to Advise Withdrawal of Guilty Plea**

Morris states that, after the enhancement, he would have wanted to withdraw his guilty plea had he been advised that this was legally possible. The Tenth Circuit, applying the *Strickland* test, has held that when a petitioner's sentence does not violate the terms of his plea agreement, "trial counsel's failure to advise petitioner of his right to withdraw the plea [does] not constitute ineffective assistance of counsel." *Lucero v. Kerby*, 7 F.3d 1520, 1522 (10th Cir.

---

[3] Additionally, Morris' waiver of his rights to challenge his sentence precludes him from raising ineffective assistance of counsel claims except for where "that ineffectiveness claim pertains to the validity of the plea." *United States v. Cockerham*, 237 F.3d 1179, 1187 (10th Cir. 2001). As none of Morris' claims survive the *Strickland* analysis, however, it does not ultimately matter which of his claims pertain to the validity of the plea itself.

1993).  Because no offense level or sentence range was set forth in the cooperation agreement,

the enhancement did not violate the terms of Morris' plea.  Therefore, counsel had no duty to

inform Morris of his ability to withdraw, and failure to do so does not rise to the level of

ineffective assistance of counsel.

### B.  Failure to Contest Sentence Enhancement

By the same token, by not challenging the sentencing enhancement and by not asking for

additional time, Morris' counsel did not act ineffectively.  These choices by counsel were

strategic decisions, which "are due a heavy measure of deference" when challenged by an

ineffective assistance of counsel claim.  *Cullen*, 131 S. Ct. at 1408 (internal quotations omitted).

Indeed, "[f]or counsel's [strategic decisions] to rise to the level of constitutional ineffectiveness,

[they] must have been completely unreasonable, not merely wrong, so that they bear no

relationship to a possible defense strategy."  *Fox v. Ward*, 200 F.3d 1286, 1296 (10th Cir. 2000).

In this case, counsel had rational reasons to make the decisions it did.  The agreement,

with the reduction in offense level for Morris' plea and cooperation, continued to function on

Morris' behalf.  Furthermore, because of his cooperation, the prosecution recommended a

sentence at the lowest end of the guideline range.  Challenges by Morris' attorney may have

endangered the agreement, putting Morris at risk for a much longer incarceration.  Such

challenges would also likely prove futile, as there was no factual basis from which to argue that

the bank fraud scheme did not employ "sophisticated means."  These claims of Morris do not

satisfy the *Strickland* test.

### C.  Failure to Foresee Sentence Enhancement and Warn Against Plea

Morris also castigates his lawyer, who formerly served as an Assistant United States

Attorney, for not anticipating that prosecutors would suggest an offense level enhancement for

the sophistication of the bank fraud scheme.  Morris believes he should have been warned about

this possibility before entering into the cooperative agreement.  Counsel, however, is not

required to correctly predict the future in order to be constitutionally adequate.  Also, awareness

of the possible enhancement would not have significantly changed the options available to

Morris, and thus any failure by counsel to inform Morris of them did not greatly affect the result

of the proceedings.  As these alleged shortcomings were neither gravely unreasonable nor

outcome determinative, they do not approach the standard necessary to establish ineffective

assistance of counsel.  *See Strickland*, 466 U.S. at 694.

### D.  Use of Witnesses at Sentencing Hearing

In addition, Morris disagrees with his attorney's choice not to call character witnesses to

the sentencing hearing, as well as the way his attorney attended to the governments' witnesses.

In his motion, Morris expresses hope that a different handling of the witnesses would have led to

a final sentence below the minimum suggested by the sentencing guidelines.  These allegations

of ineffective counsel, however, rest on strategic decisions made by the attorney, who must

balance the helpfulness of information against time constraints and the demands of judicial

economy.  "Because advocacy is an art and not a science, and because the adversary system

requires deference to counsel's informed decisions, strategic choices must be respected" when

they fall within the bounds of reasonable professional judgment, as this decision did.  *Id.* at 681.

### E.  Failure to be Advised of Ability to Appeal

Morris also complains that counsel told him he could not appeal the sentence.  Morris'

ability to appeal was severely curtailed by the conditions of his agreement with the prosecution,

in which he waived all rights of appeal unless his imposed sentence was above the statutory

maximum penalty or the high-end of the sentencing guideline range established in the final

presentence report.[4]  Plea at 5.  Because Morris' sentence was well below the 30 year statutory

maximum, *see* 18 U.S.C. § 1344, and at the lowest end of the sentencing guideline range, no

exception to the waiver applies.

Outside of exceptions listed in the waiver itself, an appeal may only be brought, despite a

waiver, if the defendant can establish the waiver of his rights was not knowing and voluntary or

that a serious miscarriage of justice, such as impermissible racial animus on the part of the court,

occurred.  *Hahn*, 359 F.3d at 1325–28.  The waiver makes the defendant generally unable to

appeal circumstances which do not render the plea agreement unknowing or involuntary, as well

as events which occur after the plea agreement is entered into.  *Id.* at 1326–27.

Morris claims he desired to bring appeals on grounds of "(i) ineffective counsel, (ii) . . .

involuntary/unknowing plea agreement (iii) . . . appealable Rule 11 violations . . . and (iv) that

the 'sophisticated means' enhancement was unconstitutional as being vague."  2255 Motion,

Exhibit A at 6 (Dkt. 1).  None of these bases for appeal contain much merit.  In each instance, the

defendant would bear a difficult burden of proof and face a mountain of adverse precedent.

Such appeals border on frivolous, and it was not grossly unreasonable or outcome determinative

for Morris' counsel to suggest that no grounds for appeal were available.

In sum, though Morris has advanced many instances where he wishes his counsel had

acted differently, at no point was he left without the competent representation guaranteed him by

the Constitution.  There are, after all, "countless ways to provide effective assistance in any

given case."  *Strickland*, 466 U.S. at 689.  Furthermore, Morris has not shown that any potential

---

[4] The court is aware that such waivers do not bar all appeals on the basis of ineffective assistance of counsel. (*See United States v. Hahn*, 359 F.3d 1315, 1327 (10th Cir. 2004).  *But see id.* n. 15 ("[W]ith rare exception, a defendant must raise ineffective assistance of counsel claims in a collateral proceeding, not on direct appeal.") (internal quotations, citations, and alterations omitted)).  This does not mean, however, that a petitioner may succeed on a claim of ineffective assistance of counsel merely because counsel failed to bring an appeal on his behalf.

missteps influenced the eventual outcome of the proceedings.  None of Morris' complaints

satisfy the *Strickland* test, and he has no claim for ineffective assistance of counsel.

## IV.    RULE 11 VIOLATION

Finally, Morris attests that the trial court violated Rule 11 of the Federal Rules of

Criminal Procedure ("Rule 11") at his sentencing hearing.  He explains that the court did not ask

him whether he still desired to maintain his guilty plea and waive his rights to trial despite the

amendments made to the sentencing recommendations.  Furthermore, Morris states the court did

not fully inform him at the sentencing hearing of his rights to appeal the sentence.

Rule 11 "is designed to assist the district judge in making the constitutionally required

determination that a defendant's guilty plea is truly voluntary."  *United States v. Weeks*, 653 F.3d

1188, 1198 (10th Cir. 2011) (quoting *McCarthy v. United States*, 394 U.S. 459, 465 (1969)).  It

is meant to "ensure the accuracy of the plea through some evidence that a defendant actually

committed the offense."  *United States v. Keiswetter*, 860 F.2d 992, 995 (10th Cir. 1998).  The

rule requires the court, before accepting a guilty plea, to discuss with the defendant "personally

in open court" the charges to which the defendant is pleading, the maximum possible penalties

the defendant may face, and the fact that the defendant is waiving his right to a jury trial.  Fed. R.

Crim. P. 11(b)(1).  Additionally, "the court must . . . determine that the plea is voluntary and did

not result from force, threats, or promises (other than promises in a plea agreement)."  Fed. R.

Crim. P. 11(b)(2).

The court complied with Rule 11 at Defendant's change of plea hearing.  During that

hearing, the court asked Morris over seventy questions about his understanding of the plea

agreement.  Morris' answers all indicated that he understood the charges against him, knew the

potential sentence he was facing, and that he was waiving his rights to a jury trial as well as his

rights to appeal the sentence.  Specifically, Morris responded that he understood "that the sentence the Court ultimately imposes may be different than any estimate [he] had received from [his] attorney."  Transcript of Change of Plea Hearing, at 12, Case No. 2:09-cr-208 (D. Utah Dec. 16, 2009).  He also stated he knew he was "giving up the right to challenge by appeal or by collateral attack the sentence imposed by this Court."  *Id.*

Indeed, Morris is not complaining that the court allowed him to enter into a guilty plea involuntarily or that he did not commit the criminal acts.  Rather, Morris wishes that the court would have reaffirmed at the *sentencing hearing* that he desired to maintain his guilty plea.  Rule 11 does not impose such an obligation upon the court, nor do any of the other Federal Rules of Criminal Procedure.

Morris is also unhappy that the court did not inform him, at the sentencing hearing, that he had the right to appeal his sentence.  As discussed above, however, any rights which Morris maintained in the face of his waiver were extremely limited.  Furthermore, while Rule 11 requires the court to insure the defendant understands he is waiving his rights to appeal before accepting his guilty plea, Fed. R. Crim. P. 11(b)(1)(N), it does not require the court to discuss appellate rights with the defendant at sentencing.

At his sentencing hearing, the court discussed the two-level sentence enhancement for the sophisticated means of Morris' fraud, and neither he nor his lawyer raised any objection.  Transcript of Sentencing Hearing, at 4, Case No. 2:09-cr-208 (D. Utah Apr. 27, 2010).  Instead, Morris indicated he was "willing to accept whatever punishment the court [imposed]."  *Id.* at 88.

Morris has clearly not met his burden under 28 U.S.C. § 2255.  Under this statute, "the appropriate inquiry [is] whether the claimed error of law was a fundamental defect which inherently results in a complete miscarriage of justice and whether it presents exceptional

circumstances where the need for the remedy afforded by the writ of habeas corpus is apparent." *Davis v. United States*, 417 U.S. 333, 364 (1974) (internal quotations, citations, and alterations omitted). Though the court must ensure the defendant is not forced into accepting a plea agreement, it has no obligation to elaborate upon the agreement at a later date. The court is under no obligation to repeat the Rule 11 colloquy at the sentencing hearing, and its election not to do so cannot reasonably be construed as "a complete miscarriage of justice." *Id.*

Furthermore, Morris' agreement with the prosecution provided that he waived all rights to challenge his "sentence, and the manner in which the sentence is determined, in any collateral review motion, writ, or other procedure, including . . . a motion brought under 28 U.S.C. § 2255." Plea at 5. Even if Morris could allege facts suggesting a compelling need for a § 2255 remedy, he has almost entirely bargained away his rights to contest what occurred at his sentencing hearing.

<u>**CONCLUSION**</u>

For the reasons set forth above, Morris' Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 is DENIED. The court denies all relief that Morris seeks, and this case is now closed.

SO ORDERED this 18th day of November, 2011.

BY THE COURT:

Clark Waddoups
United States District Judge